**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**RONALD EUGENE GARNER**                         **PETITIONER**

**VS.**                         **CASE NO. 5:08CV00218 JMM/HDY**

**LARRY NORRIS, Director of the
Arkansas Department of Correction**                         **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge
James M. Moody.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than eleven (11) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.   Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
Judge (if such a hearing is granted) was not offered at the
hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at the
hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Ronald Eugene Garner, an inmate in the custody of the Arkansas Department of Correction (ADC). On March 11, 2002, Mr. Garner entered a guilty plea to the charge of first degree murder in Carroll County Circuit Court. He was sentenced to life imprisonment. Having entered a guilty plea, a direct appeal was unavailable. On May 22, 2002, Mr. Garner filed a petition for postconviction relief. The trial court deemed the Rule 37 petition "both technically and factually" deficient. See Exhibit B to docket entry no. 5. Technically, the trial court found the petition was not verified in accordance with A.R.Cr.P. 37.1(d). Even if the petition were technically sound, the trial court ruled there were insufficient facts to warrant relief. The trial court dismissed the Rule 37 petition on August 29, 2002. In May of 2006 Mr. Garner filed a petition for production of documents with the trial court. This petition was denied in June of 2006.

In his current petition, Mr. Garner advances the following claims for relief:

1. His confession was obtained involuntarily in violation of his Fourteenth Amendment due process rights;

2. He was deprived of the effective assistance of counsel;

3. Prosecutorial misconduct and withholding of evidence favorable to the defense; and

4. Violation of petitioner's Fourth Amendment rights.

Respondent contends that the statute of limitations bars consideration of this petition.

Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court has previously notified Mr. Garner that dismissal of the petition was possible due to the apparent failure to file a timely petition.  The Court invited Mr. Garner to explain why the petition should not be dismissed, and he has filed an explanatory pleading (docket entry no. 8).  We first consider if the petition is barred by the statute of limitations.

Respondent notes that judgment was entered by the trial court on March 11, 2002.  Thus, respondent urges that Mr. Garner had until on or about March 11, 2003, to file a petition for federal habeas corpus relief.  The federal habeas corpus petition was filed July 10, 2008.  The respondent urges that the petitioner's  failure to act sooner is fatal to this action.  The respondent also notes that the petitioner failed to "properly file" a Rule 37 petition in state court.  As a result, the respondent argues that the Rule 37 petition filed by Mr. Garner had no tolling effect on the limitation period.  Furthermore, even if the Rule 37 petition were properly filed, it was pending from May 22, 2002, until August 29, 2002, and credit for this three month period would not render the federal habeas petition timely.  Finally, even if credit was given for the time during which the Rule 37 petition was

3

pending, the allotted time would have expired prior to the May, 2006, motion filed by Mr. Garner. Thus, the May 2006 pleading would not have operated to toll the limitation period, even generously assuming that it was a properly filed postconviction petition.

In his explanatory pleading, the petitioner does not quarrel with the dates provided by the respondent. Instead, he offers reasons why he should be allowed to proceed. Liberally construing the petition, we consider whether these reasons equitably toll the limitation period in this case. . In *Calderon v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition. *Id.* at 391. *See, also, Beery v. Ault*, 312 F.3d 948 (8th Cir. 2002); *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000). The question is whether any of the reasons advanced by Mr. Garner equitably toll the limitation period.

Mr. Garner notes that he is "not schooled in Law nor is the Petitioner represented by an Paid Legal Counsel." Docket entry no. 8, page 1. This in itself does not equitably toll the limitation period. Mr. Garner was represented by attorney Mac Carder during the criminal proceedings which resulted in his guilty plea. There is no constitutional right to counsel in postconviction proceedings. *Coleman v. Thompson*, 501 U.S. 722 (1991) As a result, Mr. Garner has not been deprived of counsel by the state. This is not an extraordinary circumstance which should toll the limitation period. To the contrary, most petitioners litigate postconviction relief in state court without the assistance of counsel. This is particularly true of defendants who entered guilty pleas, as did Mr. Garner.

The petitioner also claims that he has been denied access to materials which would have proved his innocence. Docket entry no. 8, page 2. This argument is without merit. The time for the petitioner to seek material showing his innocence was prior to the entry of the guilty plea. A guilty plea "represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with

which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Similarly, the petitioner cannot now point to pre-guilty plea events as circumstances beyond his control which render it impossible for him to file a timely petition.

In a similar vein, the petitioner urges that there is a file in the custody of the FBI which would prove his innocence.  Assuming such a file exists, the petitioner does not show a causal connection between the existence of this file and his inability to file a timely petition.  Absent such a showing, the limitation period should not be tolled.

In summary, Mr. Garner's arguments concerning his innocence and the various reasons why the limitations period should be tolled are without merit.  He does not establish any extraordinary circumstances that rendered it impossible for him to file a timely federal habeas petition.

As a result of the foregoing, we find that the petition was filed years after the applicable deadline, and that the limitations period was not subject to equitable tolling.  Therefore, we recommend that the petition be dismissed with prejudice, and the requested relief be denied.

IT IS SO ORDERED this  30   day of October, 2008.

_____

UNITED STATES MAGISTRATE JUDGE